IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID PASADYN,

                Plaintiff,

v.                                      CIVIL ACTION NO.   2:22-cv-00158

CONSTELLIUM ROLLED
PRODUCTS, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1-2), the *Defendants' Motion to Dismiss* (Document 3), and the *Memorandum of Law in Support of Defendants' Motion to Dismiss* (Document 4).   The Plaintiff did not file a response.   For the reasons detailed herein, the Court finds that the Defendants motion should be granted in part and denied in part.

**FACTUAL ALLEGATIONS**

The Plaintiff, David Pasadyn, filed a complaint against the Defendants in the Circuit Court of Jackson County, West Virginia, on February 25, 2022.[1]   The Defendants[2], Constellium Rolled Products Ravenswood LLC ("Constellium"), Steven Good, John Knopp, and Diana Lowe, moved to dismiss this action as time barred.

---

1  This matter was removed to this Court on April 1, 2022 (Document 1).
2  The Defendants note several issues with the party listings within the complaint. First, Constellium Rolled Products Ravenswood LLC is the only proper corporate defendant, as the other listed defendants do not exist. Further, Defendant Steven Good's name is improperly spelled in the complaint and in the caption of this matter as Goode.

In his complaint, Mr. Pasadyn set forth a chain of events leading to his termination which he alleges violated both the Family Medical Leave Act ("FMLA") and West Virginia Human Rights Act ("WVHRA"). To support these claims, he alleges the following.

Mr. Pasadyn was employed by the Defendants as a production supervisor from July 2012 until his termination in November 2019. During that time, he had received only a single "write-up" based on performance, which occurred in August 2019, after Mr. Knopp was brought to the plant. (Document 1-2). This "write-up" was incorporated into a "Performance Improvement Plan." *Id.* The Plan addressed Mr. Pasadyn's purported problematic activities or behaviors which had never been addressed with him "as problematic either verbally or in writing; and in, fact, his performance in said areas had been previously approved and accepted." *Id.* The Plan required bi-weekly meetings with management, but management failed to carry out those meetings. To remedy the problems, Mr. Pasadyn submitted a "corrective measures plan" within a week of receiving the complaint from management, and his proposal was approved. *Id.* Before this incident, Mr. Pasadyn "had repeatedly received high marks and stellar performance evaluations; including in March of 2019, and a 'Merit Increase' based salary raise in April 2019 due to his evaluations and employee performance." *Id.*

Two months before Mr. Pasadyn was terminated, he had applied and been approved for leave under the FMLA. He had not yet begun his leave. Before his request, he had undergone two diagnostic medical procedures. Prior to one of those procedures, his supervisor, Steven Good, required him to find another employee to cover his missed shift. No other production supervisor, including the Plaintiff, had previously been asked to find such coverage. Further, John Knopp purportedly complained about Mr. Pasadyn utilizing FMLA to undergo a follow-up

procedure. Mr. Pasadyn ultimately cancelled his "medically recommended procedure" because he felt "undue pressure from upper management" and was unable to find another production supervisor to cover his shift. *Id.* Subsequently, Mr. Pasadyn was deemed permanently and totally disabled by the Social Security Administration.

In November 2019, while Mr. Pasadyn was off the clock, he "sent a response text message" to a Constellium employee who he did not supervise and was not on his crew. Constellium was in the midst of "intense union labor negotiations" and the employee Mr. Pasadyn texted was a union employee. *Id.* Mr. Pasadyn was terminated by telephone the following day. At the time of his termination, he was fifty-eight years old.

Mr. Pasadyn alleges the individual defendants were the decision makers involved in the decision to terminate his employment. He argues that the termination constitutes discrimination against the Plaintiff based upon his age in violation of the WVHRA, as well as discrimination against the Plaintiff based upon his protected use of Federally mandated benefits in violation of the FMLA.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual

3

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate

4

facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants move to dismiss the entirety of the complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). They argue that all the Plaintiff's claims are time-barred by the applicable statutes of limitation and must therefore be dismissed.

Typically, a statute of limitations defense must be raised as an affirmative defense and the burden of establishing the defense is carried by the Defendant. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citations omitted). Accordingly, in a 12(b)(6) motion to dismiss which tests the sufficiency of the complaint, courts generally cannot reach the merits of an affirmative defense. *Id.* Therefore, "[i]n deciding a motion to dismiss based on the statute of limitations, the Court should only grant the motion if it clearly appears on the face of the complaint that the plaintiff's claims are time-barred." *Williams v. West Virginia Div. of Corrs.*, No. 2:19-cv-496, 2020 WL 748873 (S.D.W. Va. Feb. 13, 2020) (citations omitted). If all the necessary facts for the defense are not apparent on the face of the complaint, the motion must be denied. *Goodman,* 494 F.3d at 464.

Here, all necessary facts are apparent on the face of the complaint, and the Defendants have met their burden. Accepting the facts alleged as true, construing all reasonable inferences in the

Plaintiff's favor, and limiting review solely to the plain understanding of the four corners of the complaint, the claims cannot survive.

Under the WVHRA, claims are subject to a two-year statute of limitations. *Metz v. E Associated Coal, LLC*, 799 S.E.2d 707, 710 (W.Va. 2017). The complaint alleges that the Plaintiff's discharge in November of 2019 was based upon his age in violation of the WVHRA. The complaint, however, was not filed until February of 2022. Therefore, the WVHRA claim is time-barred as a matter of law and must be dismissed.

The FMLA claim is similarly time-barred. FMLA violations generally are subject to a two-year statute of limitations unless the alleged violation is willful when a three-year statute of limitations applies. 29 C.F.R. 825.400(b). This claim was filed more than two years, but less than three years, after the Plaintiff's termination. Thus, the claim would be time-barred for a non-willful FMLA violation but not for a willful violation. Nothing within the complaint appears to allege facts which, if true, would constitute a willful FMLA violation.[3] In fact, the complaint fails to allege facts sufficient to support any FMLA claim as the Plaintiff fails to allege facts that tie his termination to his use or non-use of FMLA benefits, or his failure to have another supervisor cover for him in his absence. However, even if one assumes that an FMLA claim has been

---

3 Under the FMLA, "[a] willful violation is shown when an employer knew or showed reckless disregard regarding whether its conduct was prohibited." *Settle v. S.W. Rodgers Co., Inc.*, 182 F.3d 909 (Table) (4th Cir. 1999) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-35 (1988). The Plaintiff alleges that his FMLA request was approved by his supervisor. The only allegations of potentially improper conduct are that the Plaintiff felt pressure from a supervisor complaining about his use of the FMLA time after it had been approved. He also notes that he could not find someone to cover his shift, and that his supervisor had once asked him to find someone to cover his shift when he had left on non-FMLA covered leave. He alleges that this request only happened once in his seven years of employment and does not allege that the requirement was made for his approved FMLA leave. Two months later, after he did not take the FMLA leave, he was terminated. Taken together, in the light most favorable to the Plaintiff, these facts do not allege a willful violation. Moreover, the bare legal conclusion regarding discrimination based on the FMLA, without factual support, set forth in Paragraph 21 of the Complaint, does not survive analysis under *Iqbal* and *Twombly*.

properly pled, there are no reasonable inferences to be drawn in support of a willful violation. Therefore, based on the facts apparent on the face of the complaint, at best, the two-year statute of limitations is applicable, the claim is time-barred as a matter of law, and must be dismissed.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss* (Document 3) be **GRANTED** and this matter be **DISMISSED WITHOUT PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 10, 2022

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA